IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BENJAMIN TEMPLE** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Case No. 3:18-cv-566 |
| | § | |
| **WARREN D. CLARK AND** | § | |
| **CRETE CARRIER CORPORATION** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT WARREN D. CLARK'S ORIGINAL ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT**:

**NOW COMES, WARREN D. CLARK**., one of the Defendants, in the above numbered and entitled cause, and files his Answer and for such Answer would respectfully show the following:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments as to Plaintiff's personal information contained in the introductory section of Plaintiff's Original Petition.

2. Section I, Paragraph 1 contains a general statement concerning Plaintiff's intention to have a discovery control plan. To the extent necessary Defendant denies that any discovery control plan was entered into for this case.

3. As to Section II, Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments as to Plaintiff's personal information.

4. As to Section II, Paragraphs 2-3, Defendant believes that the service information as alleged by Plaintiff is correct

5. As to Section III, Paragraphs 1-2, Defendant is not contesting jurisdiction limits of this Court as alleged in paragraph

6. As to Section IV, Paragraph 1, Defendant admits that he was employed by Crete Carrier Corporation at the time of the accident and was doing his job at the time of the accident. Defendant denies the remainder of this Paragraph.

7. As to Section IV, Paragraphs 2, Defendant admits that the all of this Paragraph with the exception of the last sentence which is denied.

8. As to Sections V-VII, Defendant denies the allegations of these sections.

9. As to Sections VIII and IX, these sections contain statements concerning the damages that Plaintiff is seeking which Defendant is neither required to admit or deny, to the extent that these paragraphs are found to contain factual assertions, they are denied.

10. As to Section X, to the extent that this paragraph is found to contain factual assertions, they are denied.

11. As to Plaintiff's Prayer for relief, to the extent that this paragraph is found to contain factual assertions, they are denied.

## **DEFENSES**

12. Plaintiff's causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiff's outcome was caused by intervening or superseding events, factors, occurrences or conditions, which were in no way caused by the Defendant and for which the Defendant cannot be held liable. Such activity or incident includes one that may be properly described as Unavoidable or which was the result of Sudden Emergency presented to Defendant; to which Defendant contends he acted reasonably, within the standard of care applicable to all Texas drivers.

13. Defendant is entitled to a credit or offset to any potential verdict/judgment, in the highly unlikely event one were to be awarded in Plaintiff's favor, to the extent that Plaintiff has have released, settled, entered into an accord and satisfaction, or otherwise compromised any

causes of action.

14. Defendant pleads that it is liable only for damages found by the trier of fact equal to his percentage of responsibility, if any.

15. Defendant further asserts that Plaintiff's claims for judgment together with applicable interest are limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat.;
- Chapter 304, Texas Finance Code; and
- Chapter 41, Tex. Civ. Prac. & Rem. Code.

16. Defendant further asserts that any recovery by Plaintiff for medical or health care expenses should be limited to amounts that are reasonable and necessary and amount actually paid or incurred. Tex. Civ. Prac. & Rem. Code §41.0105. Specifically, Plaintiff is not entitled to an award of damages for medical bills for which an obligation to pay never existed or has been extinguished through application of contractual credits, offsets or write-offs and still further limited to amounts that are reasonable and necessary and caused by the accident in question.

17. Answering further, if same be necessary, Defendant hereby invokes all of the rights, remedies and elections afforded to it pursuant to all of the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including, but not limited to, the proportionate responsibility and contribution provisions contained within Section 33.001, et. seq.

18. Defendant assert that the claims made the basis of this suit were caused by the acts, omissions, or negligence of a third party or third parties over whom Defendant had no control and said acts, omissions, or negligence of a third party or parties was a proximate cause, intervening cause, or in the alternative, was the sole proximate cause of Plaintiff's alleged damages. These acts and/or omissions of others were separate and independent from this Defendant and were not reasonably foreseeable to Defendant and destroyed any alleged causal

connection between any alleged acts or omissions of this Defendant and the events that allegedly caused damage to Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, **WARREN D. CLARK** respectfully prays that Plaintiff take nothing by his cause of action, that he recover his costs incurred herein, that the conduct of all persons responsible for the event in issue be consider by the fact-finder in evaluating this incident, and for such other and further relief, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC

400 Austin Avenue, 8th Floor
P. O. Box 1470
Waco, Texas  76703-1470
254.755.4100 / Facsimile 254.754.6331


BY: /s/Jordan A. Mayfield
JORDAN A. MAYFIELD
State Bar No. 24037051
mayfield@namanhowell.com
ROBERT LITTLE
State Bar No. 24050940
little@namanhowell.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 5th day of April, 2018

/s/Jordan A. Mayfield